Lauren M. Hausman (CA Bar No. 349514)
Copycat Legal PLLC
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
IVAN RADIC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RADIC,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLL CHIROPRACTIC, INC.<br>d/b/a MAXIMIZE CHIROPRACTIC,<br><br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Ivan Radic ("Plaintiff") sues defendant Nicholl Chiropractic, Inc. d/b/a Maximize Chiropractic ("Defendant"), and alleges as follows:

**THE PARTIES**

1
COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

1. Plaintiff is an individual who is residing in Vienna, Austria.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2210 Lake Washington Blvd, #130, West Sacramento, CA 95691. Defendant's agent for service of process is Timothy Lee Nicholl, 2210 Lake Washington Blvd, #130, West Sacramento, CA 95691.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton

Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

**FACTS**

**I.     Plaintiff's Business**

6.     Plaintiff is in the business of taking high-end photography using state-of-the-art equipment.

7.     Plaintiff is known for his high-quality street photography and has shifted gears into capturing other genres of photography like macro shooting, animals, and portraits, for well over a decade.

8.     Plaintiff's passion for photography developed after he was enamored by a professional camera that he had found in his father's collection of personal items. After taking classes and learning about the equipment, he turned his focus onto capturing photographs.

**II.    The Work at Issue in this Lawsuit**

9.     In 2020, Plaintiff created a professional photograph titled "Close up of a chiropractor adjusting his patient" (the "Work"). A copy of the Work is displayed below:



10. The Work was registered by Plaintiff with the Register of Copyrights on September 17, 2021 and was assigned Registration No. VA 2-269-534. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II.   Defendant's Unlawful Activities

12. Defendant is a chiropractic and wellness clinic that specializes in chiropractic pediatric, prenatal, and family care.

13. Defendant advertises/markets its business primarily through its websites (https://maximizechiropractic.com/) social media (e.g., https://www.facebook.com/MaximizeChiropractic/,

https://www.instagram.com/maximizechiropractic/?hl=en) and other forms of advertising.

14. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at https://maximizechiropractic.com/blog/benefits-of-a-certain-part-of-the-clinical-process):



15. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16. Defendant is not and has never been licensed to use or display the

Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through his ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in or around June 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in each photograph comprising the

Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

25. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025 Maximize Chiropractic"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See,

e.g., <u>Bell v. ROI Prop. Grp. Mgmt., LLC</u>, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); <u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28.  Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

DATED: July 9, 2025.                    **COPYCAT LEGAL PLLC**

                                              By: /s/ Lauren Hausman
                                                 Lauren Hausman, Esq.
                                                 Attorney for Plaintiff
                                                 Ivan Radic